IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| FREE COUNTRY DESIGN & CONSTRUCTION, INC., | ) ) ) | |
| Plaintiff, | ) ) | Case No. 09-06129-CV-SJ-DGK |
| v. | ) ) | |
| PROFORMANCE GROUP, INC., | ) ) | |
| Defendant. | ) | |

**ORDER GRANTING PLAINTIFF'S MOTION TO CONFIRM ARBITRATION AWARD AND AWARDING ATTORNEYS' FEES**

Pending before the Court is Plaintiff Free Country Design and Construction, Inc.'s ("Free Country") "Motion to Confirm Arbitration Award" pursuant to 9 U.S.C. § 9 (Doc. 21). Defendant Proformance Group, Inc. ("PGI") opposes the Motion and submits a "Verified Motion to Vacate Arbitration Award" (Docs. 24, 25). For the reasons discussed herein, after fully considering the parties' arguments, Plaintiff's Motion is GRANTED, Defendant's Motion is DENIED, and the Court orders Defendant to pay Plaintiff's reasonable attorneys' fees associated with defending against Defendant's "Verified Motion to Vacate Arbitration Award."

**Background**

This case arises from a construction contract between PGI, a general contractor, and Free Country, its subcontractor. In September 2009, Plaintiff filed a petition against PGI in the Circuit Court of Buchanan County, Missouri alleging PGI's failure to pay amounts due under the subcontract as well as claims for tortious interference with a business relationship, libel, slander, violation of the Missouri Prompt Payment Act, and conversion. Subsequently, PGI removed the

1

case to federal court and this Court compelled arbitration pursuant to an arbitration provision in the parties' contract.

From May 2, 2011 through May 4, 2011, the parties participated in private arbitration in Kansas City, Missouri, with a mutually selected arbitrator, Fred Schoenlaub ("Schoenlaub"). At the conclusion of the arbitration, Schoenlaub awarded Plaintiff the entire principal sum of its breach of contract claim ($128,618.32), denied Plaintiff any pre-judgment interest, and denied Plaintiff's remaining claims for tortious interference with a business relationship, libel, slander, violation of the Missouri Prompt Payment Act, and conversion. The arbitrator also denied Defendant's claim in its entirety.

Plaintiff has since filed this action to confirm the arbitration award (Doc. 21). Defendant opposes, arguing that the arbitrator "displayed evident partiality in favor of the [P]laintiff by failing to disclose a conflict of interest" and that the "arbitrator's award displayed a manifest disregard for basic contract principles and well established law" (Doc. 24).

**Standard**

Under the Federal Arbitration Act ("FAA"), a party may file for the confirmation of an arbitration award within a year of the award. 9 U.S.C. § 9. "An arbitrator's decision is subject to limited judicial review," and the underlying award is entitled to an "extraordinary level of deference." *Medicine Shoppe Int'l, Inc. v. Turner Invs., Inc*., 614 F.3d 485, 488 (8th Cir. 2010); *Schoch v. InfoUSA, Inc*., 341 F.3d 785, 788 (8th Cir. 2003) (quoting *Boise Cascade Corp. v. Paper Allied-Indus., Chem. & Energy Workers,* 309 F.3d 1075, 1080 (8th Cir. 2002)). "Where parties agree to arbitrate, a court cannot substitute a judicial determination for the arbitrator's decision." *Gas Aggregation Servs., Inc. v. Howard Avista Energy, LLC,* 319 F.3d 1060, 1064

2

(8th Cir. 2003) (citing *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.,* 484 U.S. 29, 40-41 n.10 (1987)).

Although review is limited, arbitration awards are not "entirely free from judicial review." *Gas Aggregation Servs.*, 319 F.3d at 1065. The FAA provides only four situations in which a court may vacate an arbitration award. 9 U.S.C. § 10; *Hall Street Associates, LLC, v. Mattel, Inc.*, 552 U.S. 576 (2008); *Medicine Shoppe Int'l*, 614 F.3d at 488*; see also Crawford Group, Inc. v. Holekamp*, 543 F.3d 971, 976 (8th Cir. 2008). A court may vacate an arbitration award:

1) where the award was procured by corruption, fraud, or undue means;
2) where there was evident partiality or corruption in the arbitrators, or either of them;
3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of any party have been prejudiced; or
4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter was not made.

9 U.S.C. § 9.

## Discussion

### A. The arbitrator did not display "evident partiality" in failing to disclose a conflict of interest.

Defendant argues Schoenlaub failed to disclose a material conflict of interest in arbitrating the dispute between Free Country and PGI in violation of an arbitrator's duty to disclose to the parties any interest or bias which may affect the arbitrator's judgment. *Commonwealth Coatings Corp. v. Continental Cas. Co*., 393 U.S. 145, 149-50 (1968). Specifically, Defendant maintains that Schoenlaub delayed in revealing to the parties that he had an ongoing representation of B&A, the general contractor on the construction project before PGI.

3

Plaintiff argues that Defendant has failed to show any actual or evident partiality, and furthermore, that Defendant waived its right to make this claim by not asserting it immediately upon disclosure.

Rules 19 and 20 of the American Arbitration Association's Construction Industry Rules, which governed the terms of the parties' arbitration, state as follows:

Rule 19: Disclosure

(a) Any person appointed or to be appointed as an arbitrator as well as the parties and their representatives shall disclose to the AAA, as promptly as practicable, any circumstance likely to give rise to justifiable doubt as to the arbitrator's impartiality or independence, including any bias or any financial or personal interest in the result of the arbitration or any past or present relationship with the parties or their representatives. Such obligation shall remain in effect throughout the arbitration.

Rule 20: Disqualification of Arbitrator

(a) Any arbitrator shall be impartial and independent and shall perform his or her duties with diligence and in good faith, and may be subject to disqualification for (i) Partiality or lack of independence.

To show evident partiality of an arbitrator, the defendant must demonstrate that the interest or bias of the arbitrator was "direct, definite, and capable of demonstration, rather than remote, uncertain, or speculative." *National Ave. Bldg. Co. v. Stewart*, 910 S.W.2d 334, 343 (Mo. App. S.D. 1995). Typically, courts find partiality in cases where the arbitrator has a preexisting relationship with one of the parties to the dispute. *See Commonwealth Coatings*, 393 U.S. 145.

Here, Defendant has failed to show that the interest or bias of the arbitrator was direct or definite or that the arbitrator had an existing relationship with any party to the dispute. Additionally, Defendant makes no assertions regarding how Schoenlaub's alleged partiality impacted his decision in this case. Nor does Defendant sufficiently show how Schoenlaub's

4

alleged partiality *might* have affected his decision in this case.  Not only was B&A not a party to the arbitration, but it had no relationship to the dispute at issue.  B&A was released from the project prior to either Plaintiff or Defendant's involvement with the construction contract.  In fact, Defendant appears to be the only party aware of B&A's relation to the arbitration prior to Defendant's last witness referencing B&A while giving background on PGI's involvement in the construction project.

Defendant maintains that even an arbitrator's relationship with a non-party may justify vacating an arbitration award.  *See, e.g., Freeport Constr. Co. v. Star Forge, Inc.*, 378 N.E.2d 558, 562 (Ill. App. 1978).  In making this assertion, Defendant relies on *Freeport Construction Company v. Star Forge, Inc.*, where the court held that a relationship between an arbiter and a non-party could be sufficient to justify vacating an award if the non-party had a substantial interest in or nexus to the arbitration.  *Id*.

Here, there is no substantial interest or nexus.  In *Freeport*, the arbitrator had a relationship with a non-party who stood to benefit from the outcome of the arbitration and was, in fact, the center of the dispute.  In this case, B&A has no interest in the outcome of the litigation and has no connection to it.  It was a party to the construction project prior to Plaintiff and Defendant's involvement with the project and has no ongoing relationship or interest in it.  Defendant, however, maintains that because Schoenlaub was an attorney for B&A, he would have knowledge of the construction project which may impermissibly impede his ability to conduct a full and fair hearing.  This assertion is unsupported by the both facts and the law, and Defendant's reliance on *Freeport* is misplaced.  Because B&A had no interest in the arbitration and no nexus to the construction contract at issue, the arbitrator did not display partiality in failing to initially disclose the connection.
5

**B. The arbitrator's alleged "manifest disregard for the law" is not a reason for vacating the arbitration award.**

Defendant also argues that the arbitrator's award demonstrates a manifest disregard for well-established contract law, and, therefore, must be vacated. Specifically, Defendant alleges that the arbitrator denied PGI's claims based on his ruling that PGI failed to provide notice of its claims pursuant to Section 4.3.3 of the contract which requires a party to submit a claim "within 21 days after occurrence of the event giving rise to such Claim or within 21 days after the claimant first recognizes the condition giving rise to the Claim, whichever is later" (Doc. 24, Exhibit 1). Defendant maintains that it provided notice of its claims to Plaintiff as soon as it concluded its audit of Plaintiff's books and records, which Defendant asserts was the first time at which it could ascertain the inappropriateness of Free Country's charges.

The Court finds this argument meritless. Prior to the Supreme Court's decision in *Hall Street Associates, LLC v. Mattel, Inc*., the Eighth Circuit held that courts could vacate an arbitration award on grounds other than those provided in the FAA. *See, e.g.*, *Gas Aggregation Servs.*, 319 F.3d at 1069. Specifically, the Eighth Circuit found that a court could vacate an arbitrator's decision if an arbitration award was "completely irrational or evidences a manifest disregard for the law." *Hoffman v. Cargill Inc.,* 236 F.3d 458, 461 (8th Cir. 2001) (citing *Val-U Constr. Co. of S.D. v. Rosebud Sioux Tribe,* 146 F.3d 573, 578 (8th Cir. 1998)). After the Supreme Court's decision in *Hall Street*, however, the Eighth Circuit has held that "an arbitral award may be vacated only for the reasons enumerated in the FAA." *Medicine Shoppe Int'l Inc*., 614 F.3d at 489. Thus, Defendant's argument that the arbitration award evidences a manifest disregard for the law is not legally viable.

Even if this argument were valid, Defendant has not proven that the arbitrator's decision evidences a manifest disregard for the law. Although Defendant may disagree with the arbitrator's factual determination that it had notice of the events giving rise to the claim at the time the purchases were made and not at the time the audit was completed, this is not a "manifest disregard for the law," and the Court may not vacate the award for this reason. In fact, a court may not reconsider the facts "even when the parties allege that the award rests on factual errors or on a misinterpretation of the underlying contract." *Medicine Shoppe Int'l*, 614 F.3d at 488 (8th Cir. 2010). In addition, the arbitrator did not rest his decision to deny Defendant's claim solely on Defendant's failure to timely file. Thus, even if the Court found that this determination was a manifest disregard for the law, there would still be support for the arbitrator's decision.

### C. Defendant shall pay Plaintiff's reasonable attorneys' fees in defending against Defendant's Verified Motion to Vacate.

Plaintiff also requests the Court order Defendant to pay attorneys' fees associated with Plaintiff's response to Defendant's "Motion to Vacate" (Docs. 24, 26). A court may award attorneys' fees when a party has acted "in bad faith, vexatiously, wantonly, or for oppressive reasons." *Int'l Union, United Auto, & Agric. Implement Workers of America v. United Farm Tools, Inc.*, 762 F.2d 76, 77 (8th Cir. 1985). "An unjustified refusal to abide by an arbitrator's award may constitute bad faith for the purpose of awarding attorneys' fees." *Id.* (citing *Int'l Union of Petroleum & Indus. Workers v. W. Indus. Maint., Inc.*, 707 F.2d 425, 428 (9th Cir. 1983)).

The Court finds attorneys' fees are warranted here. Defendant first acted vexatiously in refusing to pay the arbitrator's fees and expenses, requiring Plaintiff to pay Defendant's share of the fees so that the arbitration award could be signed and finalized. Defendant then filed this

7

meritless "Motion to Vacate" based on causes of action that have no basis and are no longer legally viable. Plaintiff shall submit an additional motion setting forth the number of hours worked and the applicable billing rate by December 19, 2011. Defendants shall have fourteen days to respond.

**Conclusion**

For the foregoing reasons, the Court finds that the arbitration award should be approved and Plaintiff should be awarded reasonable attorneys' fees associated with responding to Defendant's "Motion to Vacate Arbitration Award." Plaintiff's motion is GRANTED.

**IT IS SO ORDERED.**

Dated: December 5, 2011  /s/ Greg Kays
GREG KAYS
UNITED STATES DISTRICT JUDGE